Mr. Chief Justice Shakeev
delivered the opinion of the court.
This action was instituted by Scott, against Hall, Buckner, Harris, Ephraim G-. Peyton and Thomas Haliday on a joint and several promissory note. Peyton and Haliday pleaded severally non assumpsit, and a verdict was found against them. Harris failed to plead and a judgment by default was taken against him, but before judgment against the others, a nolle prosequi was entered as to Hall.
It is urged for the plaintiffs in error, that the court erred in permitting the nolle prosequi to be entered as to Plall, and in afterwards proceeding to judgment against the others on the ground that the nolle prosequi was a discontinuance as to all the defendants. This appears to be the settled law, when the contract on which the action is founded is joint, but there is a marked difference when the contract is joint and several; for in such cases any or either of the obligors may be sued separately and no advantage can be taken of the non-joinder of the co-obli-gors, whereas if the contract were purely joint, the non-joinder would be fatal on a plea in abatement. If a party can sue the *872 makers of a note separately, there can be no reason why he may not discontinue as to part of them after suit brought. This has been the constant practice in this state, and being one of convenience and utility in promoting the ends of justice, should not be interrupted, unless repugnant to some known principle of law.
But it is not the practice of this state alone. It is clearly deducible from the principles laid down in a note in 1 Saunders’s Rep. 207, note 2, and the case of Minor et al. v. The Mechanics’ Bank of Alexandria, 1 Peters’s S. C. Rep. 46, is directly in point. Four ■of the defendants pleaded separately and a nolle prosequi was entered as to the fifth, and held not to be error, even after judgment against those who had pleaded separately. The decision of the court was based upon the nature of the contract, it being joint and several. In this state every joint bond, bill, covenant, and promissory note, is made joint and several, and of course the rule must apply, whether the note was made joint and several on its face or not.
Another ground taken for reversing the judgment is, that the court improperly rendered two judgments, one against Harris on his default, and the other against Peyton & Haliday on verdict. This objection might come with more plausibility, if the cause of action was joint only, but being joint and several, it is believed to be untenable.
A default and a verdict present alike good foundations for a judgment, and as the parties severed, and a verdict was given against two, and a default taken against the other, the plaintiff was entitled to a judgment against all, and the state of the pleadings justified separate judgments. The plaintiff has sustained his action against all the parties, and one of the judgments is on verdict, and the other on default is not error.
The question so much debated in relation to the necessity of dismissing the common counts does not arise in the case for this reason. If it was error that the clerk assessed damages in the judgment by default, no dismissal being entered as to the common counts, it was only an error in the judgment against Harris, who alone, the judgment being separate, could take advantage *873 of it. Peyton & Haliday have appealed, and not Harris, and they must be compelled to rely on the errors in the judgment themselves, and cannot be relieved for errors in the judgment against Harris.
The judgment must be affirmed.